The State *v.* Tennessee Coal, Iron and Railroad Company.

---

THE STATE, *ex rel., v.* TENNESSEE COAL, IRON AND RAILROAD COMPANY *et al.,*

AND

E. H. JOHNSON *v.* F. S. HARRIS, Warden, etc.

STATUTES. *Constitutional law.* The act of June 12, 1885, entitled "An act to allow convicts in the penitentiary a credit of diminution of their sentences," was only a proposition by the State to the lessees of the penitentiary to modify the terms of the lease, and was, by its terms dependent, as to the then lessees, upon condition of acceptance by them in writing.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court at Nashville.    A. G. MERRITT, Ch.

The State *v.* Tennessee Coal, Iron and Railroad Company.

JAMES TRIMBLE for Petitioner.

·DEMOSS & MALONE for Lessees.

LYTTON TAYLOR for Johnson.

VERTREES & VERTREES for Warden.

TURNEY, J., delivered the opinion of the court.

These cases originated under the act of the Legislature of June 12, 1885; one by *mandamus,* the other by writs of *habeas corpus.* The petitioners, convicts in the penitentiary, claim to be entitled to be discharged by the act, entitled "An act to allow convicts in the penitentiary a credit of diminution of their sentences."

The first section provides for diminution of time for good conduct; second, a penalty for violation; third, several convictions to count as one; fourth, manner of computing; fifth, prisoner on parole. The sixth section, after providing that the governor may commute life sentences to years, and giving such convicts the benefit of the act, concludes: "That the provisions of this act shall not be obligatory upon the present lessees of the penitentiary until they agree to accept its provisions as a part of their said lease, in writing, deposited with the governor of this State, or until the expiration of the present lease."

The eighth section enacts: "That this act shall take effect and be in force from and after its passage, the public welfare requiring it."

It is insisted for the convicts, the Legislature was

authorized to pass the law, but that so much of it as makes its provisions dependent upon the written acceptance of the present lessees is void; that the eighth section is in conflict with such condition, and being the concluding clause of the act, must control.

It is a rule of construction that courts must, if they can do so, interpret a section as to allow it to stand in all its parts, and carry out the whole intention of the law-makers. With this rule for our guide, can we make the two seemingly repugnant clauses consistent?

The Legislature, in the sixth clause, recognizes the rights of the lessees and expressly declares its purpose not to interfere with them, except with their written consent. The provision that the act shall take effect and be in *force* from and after its passage, was adopted with reference to the rights of the lessees, as reserved by the sixth section. The Legislature had done all it considered itself authorized or willing to do, in the face of the fact that it had a contract of lease. Whether it was, under the law, authorized to impair that contract, is not now a material or pertinent inquiry, as nothing of the sort is undertaken. Can we hold the State has violated its faith when it declares to the contrary in the law claimed to be the breach? The act was merely a proposition to the lessees to modify the terms of lease, and not to repeal it or detract from its value. By the passage of the law, the Legislature merely gave the consent of the State, and left the lessees to their election. The law extends as far as the Legislature felt empowered to provide

The State *v.* Tennessee Coal, Iron and Railroad Company.

for its operation, and did take effect and was in force from and after its passage.

The meaning of the last clause is, that if the lessees consented, the imprisonment of those entitled to the benefit of the law should not continue for forty days after the passage, but should cease at once upon the written assent of lessees.

The conditions in the law are parts of it, and such as the Legislature had authority to impose, and it is no contradiction or repugnancy to provide that the act, as a whole, take effect from its passage. It is clear, that without the conditions, the law would not have passed; to take out the conditions destroys the intention of the act. · If the intention is defeated the whole act must go for nothing. The law did take effect upon its passage and is in force to-day, and may be executed upon the performance of its conditions. Under its provisions the petitioners are not entitled to be discharged. *Certiorari* is the proper writ to bring into this court the proceedings in the *habeas corpus* cases: *State* v. *Taxing District,* manuscript opinion by Judge Cooper, at Jackson.

The construction given the statute obviates any necessity of investigating the several other questions argued, as they depend on it.

· The order of the chancellor dismissing petition for *mandamus* is affirmed, and the judgment of the circuit court reversed. Petition for · *habeas corpus* dismissed and the writ discharged.